25 C.C.P.A. (Patents)

In re DEEMS.

Patent Appeal No. 3847.

Court of Customs and Patent Appeals.

Dec. 23, 1937.

Lyman E. Dodge, of New York City, for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The Primary Examiner of the United States Patent Office, rejected claims 4, 6, 7, and 8, being all the claims in appellant's application for a patent relating to a metal rail bond. The grounds of his rejection were that in view of appellant's own patent No. 1,945,480, of January 30, 1934, and of a patent to Hardingham, No. 754,997, of March 22, 1904, appellant's claims called for nothing which was patentable.

Upon appeal to the Board of Appeals, the decision of the Examiner rejecting claims 4, 7 and 8 was affirmed, it being the view of the Board that these claims were not patentable over Hardingham alone. Appellant's said patent No. 1,945,480, was copending with the present application. The Board stated in substance that in passing upon the allowability of the claims it disregarded appellant's patent so as to remove any argument as to whether applicant's copending case could in any circumstances be used as a reference against these claims.

As to claim 6, the Board stated:

"Claim 6 develops the details of applicant's particular type of thimble and expanding means in connection with a bond element of this species.

"Claim 6 is regarded as allowable."

The subject matter of the application relates to a rail bond for making good electrical connections between adjoining ends of rails of a railroad. Appellant states in his application that before his invention great difficulty had been encountered in bonding the adjacent abutting rail ends of a track electrical circuit since the common method was to bond the webs of the rails by means of one or a plurality of conductors and that the length of these bonding elements would be somewhat greater than the length of the fish plates which fastened the rails together. The bonding wires were exposed to mechanical injury which might occur by their becoming entangled with the dragging parts of rolling stock or were likely to be damaged by track men working along the track. Other difficulties, not necessary to mention here, he states had been encountered.

Appellant's invention consists in first forming small cavities in the rail head (not the web) below the strain area, into which cavities are inserted thimbles. The thimbles are connected with the bonding element across the rail ends and the bonding element is fastened to the rim or flange of the thimbles. When the thimbles are pressed into the cavity a suitable soft metallic plug is pressed into the thimbles and forced therein with great pressure, as by striking with a hammer. The plug is forced into the thimble so tightly, and against the inside surface thereof, as to cause expansion of the thimble to such an extent that it is not readily removable.

Rejected claim 4 is regarded as illustrative of the three claims on appeal and follows: "4. A metal rail bond comprising a thimble-like body so constructed and arranged as to be expandible within a complemental recess, *said body having a closed*

*inner end and an open outer end,* and an enlarged rim portion surrounding the open end of said body and integral with the body, said rim portion having an elongated conductor-engaging part arranged tangentially with respect to the annular wall of the thimble, and positioned forwardly with respect to the plane of the open end thereof, said tangential part having a longitudinally disposed return bend terminating in a free edge and so constructed and arranged as to provide a conductor-receiving recess." (Italics ours.)

It will be noticed that the claim contains the term "a thimble-like body so constructed and arranged as to be expandible within a complemental recess, *said body having a closed inner end and an open outer end.* * * *" (Italics ours.) Claims 7 and 8 contain a similar phrase.

It is conceded that the Hardingham patent discloses a thimble which is inserted into a recess in the web of the rail, which thimble has openings at the inner and outer ends.

Applicant in his specification points out the following: " * * * The contact between the outside of the thimble and the inside surface of the cavity is intimate and of such a nature as to effectually prevent the entrance of moisture. * * *"

Hardingham's structure is quite different. Each terminal, he states in his application "is formed with a boss or lateral projection b, adapted for insertion in a hole drilled in the web of the rail, the terminal being firmly secured in the rail-web by driving a taper pin into a hole formed in the boss, or the boss may assume the form of a sleeve of sufficient length for its end to protrude through the hole in the rail, such end being then opened out and riveted over. * * *"

■ Appellant stresses the fact that when the Hardingham patent alone is considered this important element of the claims is not disclosed. He argues that the Board should have allowed the appealed claims for the same reason as prompted the allowance of claim 6. The solicitor for the Patent Office correctly responds to this argument by stating that we may not compare the rejected claims with the allowed claims for the purpose of determining points of similarity or dissimilarity but must compare them with the prior art cited, citing In re McCabe, 74 F.2d 758, 22 C.C.P.A., Patents, 877.

With reference to the thimble having a closed inner end in appellant's disclosure as is called for by the claims, the solicitor replies: "It is not seen, however, that the difference in this respect is of any patentable moment."

Appellant disclosed in his patent No. 1,945,480 substantially the same kind of thimbles. They had closed inner ends. There is no claim in his patent based upon this feature of his disclosure and the instant application does not purport to be for a reissue of the patent. He claims that the subject matter of his instant application is for inventive matters other than those covered by his patent.

■ As was above stated, the Examiner concluded that in view of what applicant had already been granted in the way of a patent, and in view of the prior art cited, he was not entitled to the appealed claims. The Board, having expressly declined to consider the Deems patent No. 1,945,480, and having expressly limited its consideration to the Hardingham patent, we, under the doctrine of In re Tucker and Reeves, 54 F.2d 815, 19 C.C.P.A., Patents, 810, and In re Wagenhorst, 64 F.2d 780, 20 C.C.P.A., Patents, 991, are not privileged to consider what effect appellant's patent should have in determining the allowability of the appealed claims. Whether appellant should have applied for a reissue or taken any other appropriate step is not a question with which we are here concerned. We confine ourselves solely to the Hardingham patent in considering the prior art or the allowability of the appealed claims.

■ Clearly, appellant's device is a great improvement over the Hardingham disclosure, and we think that constructing the thimbles with closed inner ends is novel as far as the prior art cited shows, that this feature possesses utility, and that it required invention to produce the structure which the rejected claims define. Certainly there is sufficient doubt on the question that under the well-settled rule it should be resolved in favor of the applicant.

The decision of the Board of Appeals, affirming the decision of the Examiner in rejecting claims 4, 7, and 8, is reversed.

Reversed.

GRAHAM, the late Presiding Judge, sat during the hearing of this case, but died before the opinion was prepared.